IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WAYNE SIMPSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND**<br><br>Case No.  2:11-cv-01022-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

In its Order dated April 20, 2012, the court ordered Respondent to answer[1] the Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 on November 4, 2011 (Dkt. No. 1), and specifically to "address the applicable period of limitation." (Order 3 [Dkt. No. 3].) The Respondent answered within the timeframe though it did not address all the allegations in the Petition, instead focusing exclusively on the applicable period of limitation and requesting leave for further opportunity to brief the substantive issues should the court find the Petition not time-barred. (Resp. Opp. § 2255 Pet. 5 [Dkt. No. 5]; Suppl. Resp. Opp. § 2255 Pet. 4 [Dkt. No. 13].) For the reasons discussed below, the court finds the time bar to be inapplicable under the facts at issue here and orders Respondent to respond to the substantive merits of Petitioner's claims.

Petitioner moved to amend his Petition on June 15, 2012. (Dkt. No. 8.) The court denies Petitioner's Motion, as discussed below. The court also denies Petitioner's Motion to Supplement

---

[1] The court noted that the "answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." (Order at 2 (citing R.5(b), *Rs. Governing § 2255 Proceedings for the U.S. Dist. Courts*).)

his Reply (Dkt. No. 15) as moot. Petitioner may include any such facts or argument in his Reply to the Government's substantive Response on the merits of the Petition.

## BACKGROUND

Petitioner was convicted following a jury trial on April 13-16, 2009 on charges of possession of 500 grams or more of methamphetamine with intent to distribute, and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 2:08 CR 554 CW, Dkt. No. 59.) On June 24, 2009, the court sentenced defendant to life imprisonment, followed by 120 months of supervised release. (*Id.* at Dkt. No. 75.) Judgment was entered on June 30, 2009. (*Id.* at Dkt. No. 76.) On July 1, 2009, Petitioner filed a Notice of Appeal. (*Id.* at Dkt. No. 80.) On June 28, 2010, the United States Court of Appeals for the Tenth Circuit affirmed the decision of the District Court. No further appeal of that decision was filed. On November 4, 2011, the current Petition to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 was filed.

The signature on the Petition was dated September 22, 2011, and the accompanying certification block of the signature page was dated September 23, 2011. (*See* Petition 19 [Dkt. No. 1].) Petitioner's counsel, Daphne A. Oberg, advised Petitioner that a habeas petition pursuant to 28 U.S.C. § 2255, should he wish to file one, would be due on September 27, 2011, which was the day after the last day on which he could file a petition for certiorari to the Supreme Court, plus one year, as governed by the statute. (Oberg Aff. ¶ 5 [Dkt. No. 10].) Ms. Oberg spoke with Petitioner by phone "near the end of September 2011." (*Id.* at ¶ 6.) In that call, Petitioner told Ms. Oberg that he had mailed his § 2255 Petition a few days before the September 27, 2011 due date that she had communicated to him. (*Id.*) Petitioner again called Ms. Oberg at the beginning of November 2011 to check on the status of his Petition. (*Id.* at ¶ 7.) Ms. Oberg discovered by checking the docket that the Petition had apparently not been filed. Petitioner told her that he had addressed the Petition to

Judge Waddoups. Accordingly, Ms. Oberg spoke with staff in Judge Waddoups' chambers who looked into the issue. On November 4, 2011, staff informed Ms. Oberg that the Petition had arrived in chambers "quite some time before," but that it had been assumed it was a courtesy copy for the Judge's law clerk, in other words, an extra copy that had been sent to chambers in connection with a docket filing. Staff then put the Petition on the docket that same day (November 4, 2011). (*Id.* at ¶¶ 8-12.) Chambers staff informed Ms. Oberg that the envelope in which the Petition had not been located. (*Id.* at ¶ 9.)

## DISCUSSION

The determinative factor in considering the timeliness of Petitioner's filing is the date on which Petitioner delivered the letter into the prison mail system or to a prison official. Under the "prison mailbox rule," a pro se prisoner's filing is "considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Arising originally in the context of a prisoner's notice of appeal, the Tenth Circuit has explicitly expanded the rule to "measure the timeliness of a federal inmate's initial filing of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255." *Id.* at 1164 (citing *United States v. Gray*, 182 F.3d 762, 764, 765 n.4 (10th Cir. 1999)); *cf.* R. 3(d), *Rs. Governing § 2255 Proceedings for the U.S. Dist. Courts*.[2] It is therefore irrelevant, for purposes of analyzing the period of limitation, when the Petition was received in chambers. On the strength of Petitioner's sworn declaration of signing under penalty of perjury, which is dated September 23, 2011, and Ms. Oberg's Affidavit corroborating what occurred, the court is satisfied that Petitioner passed the letter into the prison mail system or to a prison official on or before September 27, 2011, the due date of

---

[2] In fact, as Petitioner notes, the Sixth Circuit has looked at the date a petitioner signs the motion under penalty of perjury as an indication of when the petition was filed. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

the § 2255 Petition. Accordingly, the court finds that the Petition is not time barred and the Government must address the substantive merits of Petitioner's claims.

As to the substantive merits of his claims, Petitioner moved to amend his Petition on June 15, 2012 (Dkt. No. 8) to add another ineffective assistance of counsel claim, this one relating to failure of counsel to engage in plea negotiations. As the Government argues, "a claim raised in a motion to amend a Section 2255 [Petition] filed after the expiration of the 1-year limitation period is deemed to have been filed within one year only if the claim 'relates back' to the petitioner's original § 2255 motion." (Suppl. Resp. Opp. § 2255 Pet. 4 [Dkt. No. 13] (citing *Mayle v. Feliz*, 545 U.S.644 (2005).) Morevoer, the Tenth Circuit has explained that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed *and the proposed amendment does not seek to add a new claim or to insert a new theory into the case*." *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)) (internal additions and alterations omitted, emphasis added).

The court agrees with the Government that "[e]ven a broad reading of the Petitioner's claims in his original petition does not allow for a relating back." (Suppl. Resp. Opp. § 2255 Pet. 4 [Dkt. No. 13].) Whereas all of Petitioner's initial claims relate to the search and seizure of evidence from his vehicle, Petitioner attempts to add new claims in his Amendment relating to plea negotiations. It is true that Petitioner's claims relating to the search and seizure mostly focus on ineffective assistance of counsel—in failing to raise defenses and legal arguments relating to the search and seizure that Petitioner now believes should have been raised. And the new claims also relates to ineffective assistance of counsel, albeit in the context of plea negotiations. But precisely because the new claim focuses on the plea negotiation phase—a different aspect of the legal proceedings—it

raises "completely new claims of ineffective assistance of counsel" just as in *Espinoza-Saenz* and thereby attempts "to add a new claim or to insert a new theory into the case." *Espinoza-Saenz*, 235 F.3d at 505. This would "frustrat[e] the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final." *Id.* (quoting *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)). The court therefore denies Petitioner's Motion to Amend his Petition. (Dkt. No. 8.)

Finally, the court denies Petitioner's Motion to Supplement his Reply (Dkt. No. 15) as moot. As noted above, Petitioner may include any such facts or argument in his Reply to the Government's substantive Response on the merits of the Petition, to the extent appropriate to include in a Reply.

## CONCLUSION

In sum, the court finds that Petitioner's claims are not time-barred. The court DENIES Petitioner's Motion to Amend his Petition. (Dkt. No. 8.) The court also DENIES Petitioner's Motion to Supplement his Reply (Dkt. No. 15) as moot.

SO ORDERED this 19th day of June, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge