IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WAYNE SIMPSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EVIDENTIARY HEARING AND DISMSSING PETITION**<br><br>Case No.  2:11-cv-01022-CW<br><br>Judge Clark Waddoups |

Petitioner Christopher Wayne Simpson moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence of life imprisonment. (Dkt. No. 1.)  Mr. Simpson was convicted after a jury trial of possession with intent to distribute 500 grams or more of methamphetamine and simple possession of heroin.  *United States v. Simpson,* 2:08-cr-554.  Because of Mr. Simpson's prior convictions, he qualified as a career criminal and received a mandatory sentence of life imprisonment.  Mr. Simpson timely appealed, challenging the court's denial of his motion to suppress the narcotics found in his vehicle. The Court of Appeals affirmed. *United States v. Simpson,* 609 F.3d 1140 (10th Cir. 2010). The court previously ruled that Mr. Simpson's petition was timely filed. (Dkt. No. 16.)  For the reasons stated hereafter, the court DENIES the petition and DENIES the request for an evidentiary hearing.

## FACTUAL AND PRODEDURAL BACKGROUND

Christopher Wayne Simpson was pulled over by Trooper Bowles on I-80 a few miles west of Salt Lake City Airport for a minor traffic violation – failing to signal for two seconds before changing lanes on the highway. Trooper Bowles approached Mr. Simpson's car and noticed inside a butane lighter and refills, energy pills in the glove box, and a radar detector on the floor. Trooper

Bowles ordered Mr. Simpson out of his vehicle and into the police cruiser. Cica, a police dog trained in detecting the scent of narcotics, was in the rear compartment of the trooper's vehicle. While waiting for the return of the computer check of Mr. Simpson's criminal history, Trooper Bowles asked Mr. Simpson about his travels. Mr. Simpson gave vague answers and, according to Trooper Bowles' testimony, appeared unusually nervous. After Mr. Simpson's entry into the vehicle Cica began chewing on a chew toy. Dispatch responded to Trooper Bowles that Mr. Simpson had previously been charged in Nebraska for transporting drugs. Trooper Bowles listed 15 separate facts upon which he formed a basis that he had reasonable suspicion to extend the stop after he had given Mr. Simpson a warning for his traffic violation and returned to him his license and registration. *Simpson*, 609 F.3d at 1145. On the basis of these factual observations, Trooper Bowles continued to detain Mr. Simpson and completed a canine sniff of Mr. Simpson's vehicle. During the sniff Cica alerted to the presence of narcotics, which Trooper Bowles relied on as probable cause to search Mr. Simpson's vehicle. Upon searching the vehicle Trooper Bowles found drugs and drug paraphernalia, including over 500 grams of methamphetamine and nearly 40 grams of heroin. The drugs served as the basis for Mr. Simpson's conviction.

     Mr. Simpson moved to suppress the evidence found in his car on the basis that Trooper Bowles did not have objective and articulable reasons supporting his suspicion of criminal activity, thus making the canine sniff of his car a violation of his Fourth Amendment rights. The court denied the motion. *United States v. Simpson,* 2009 U.S. Dist. LEXIS 16055 (D. Utah, 2009). The ruling was affirmed on appeal. *United States v. Simpson,* 609 F.3d 1140 (10th Cir. 2010).

     Mr. Simpson now alleges that he was given ineffective assistance of counsel throughout the proceedings and on appeal, the court in which he was convicted lacked jurisdiction over him, and his sentence of life imprisonment was illegal. (Dkt. No. 1.) He requests an evidentiary hearing to

"expand the record and establish his claim of being the recipient of ineffective assistance of counsel." (Dkt. No. 19.)

## ANALYSIS

A district court must grant a hearing to determine the validity of a petition brought under 28 U.S.C. § 2255, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Each of Petitioner's four claims is discussed below.

### A. FIRST CLAIM: INEFFECTIVE ASSISTANCE OF COUNSEL

The 10th Circuit follows *Strickland v. Washington,* 466 U.S. 668 (1984) in evaluating ineffective assistance of counsel claims. *U.S. v. Lujan-Lopez*, No. 15–1124, 2015 WL 3958712 (10th Cir. Jun. 30, 2015). Pursuant to *Strickland* "[petitioner] must show (1) that his lawyer's performance was deficient, i.e., below the level expected from a reasonably competent attorney in criminal cases, and (2) that he was prejudiced, meaning that there is a reasonable probability that the result would have been different had his lawyer met professional standards." *Id. Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669.

Petitioner alleges a number of ways in which his attorney's deficient performance entitles him to an ineffective assistance of counsel claim.

*Allegation #1: Failure to Argue Fourth Amendment Violation*

Mr. Simpson argues that in order to avoid a Fourth Amendment violation Trooper Bowles needed reasonable suspicion of criminal activity prior to placing Mr. Simpson in the police car with the dog. Since 1977, it has been clear that an officer may require a drive to exit a lawfully stopped vehicle. *Pennsylvania v. Mimms,* 434 U.S. 106 (1977). The issue remains whether the officer could also require Mr. Simpson to sit in the police vehicle with the dog. Such a requirement is, at best,

3

only a slightly greater intrusion than requiring the driver to stand outside the car. Tenth Circuit case law has regularly recognized that seating a motorist in a police vehicle during a routine traffic stop falls within the scope of the officer's authority. For example, even in cases where the defendant claims a Fourth Amendment violation from police questioning while seated in a police car during a routine traffic stop, the separate Fourth Amendment argument based on being seated in the car is never made. *U.S. v. Bradford*, 423 F.3d 1149 (10th Cir. 2005); *U.S. v. Villa*, 589 F.3d 1334 (10th Cir. 2009); *U.S. v. Guerrero-Espinoza*, 462 F.3d 1302 (10th Cir. 2006). There is no basis in current law to find that Mr. Simpson's Fourth Amendment rights were violated by Trooper Bowles placing him in his vehicle with the dog rather than requiring him to stand outside of the vehicle.

  Mr. Simpson challenges that Trooper Bowles violated his rights by allowing the K-9 sniff without reasonable suspicion.  In 2005 the Supreme Court held that the Fourth Amendment does not require reasonable, articulable suspicion to justify using a drug-detection dog to sniff a vehicle during a legitimate traffic stop. *Illinois v. Caballes,* 543 U.S. 405 (2005).  The only issue raised by Mr. Simpson's stop is whether Trooper Bowles unreasonably extended the stop after he had returned to Mr. Simpson his license and registration. If the stop was not reasonably extended, Trooper Bowles could not conduct the canine sniff. This issue, however, was raised and thoroughly addressed on appeal. The Court found that Trooper Bowles had sufficient grounds to extend the search. Thus, Mr. Simpson has no basis to claim ineffective assistance of counsel on this issue.

  Mr. Simpson further argues that the stop was improperly extended because Trooper Bowles relied on the fact that Cica chewed on his toy while Mr. Simpson was seated in the vehicle. This issue was also addressed and rejected on appeal. The Court found that Trooper Bowles could not rely upon this conduct by Cica because the dog had not been proven to be alerting to the presence of drugs by such conduct.  Nevertheless, Trooper Bowles had sufficient grounds to extend the search, disregarding Cica's excitement. Thus, the issue was raised by counsel, and Mr. Simpson has no

4

basis to claim ineffective assistance of counsel on that ground. Moreover, since the issue has been raised, thoroughly addressed, and rejected, there is no reason for the court to hear further evidence on this issue.

*Allegation #2: Failure to Argue Improper Duration of Detention After Computer Check*

Mr. Simpson alleges that the return of the computer check of his criminal record eliminated any reasonable suspicion that may have existed, thus making continued detention improper. The court and the Court of Appeals have already addressed and rejected this issue when both ruled that Trooper Bowles had reasonable suspicion to continue the detention after the purpose of the traffic stop had been fulfilled. "Therefore it was not ineffective assistance of counsel to fail to pursue the argument that the return of the warrants check somehow entitled the Petitioner to an immediate release from that detention." (Dkt. No. 18.)

*Allegation #3: Failure to Argue The Canine Alert to Mr. Simpson's Trunk did not Authorize a Search of the Entire Car*

Tenth Circuit case law holds that "[a] dog alert creates general probable cause to search a vehicle, and that search is not limited to a specific area of that vehicle." *United States v. Rosborough*, 366 F.3D 1145, 1153 (10th Cir. 2004). Accordingly, this issue is cannot serve as a basis to argue for ineffective assistance of counsel.

*Allegation #4: Failure to Argue Trooper Bowles and his K-9 were not Certified in Drug Detection*

Defense counsel fully addressed the issue of certification, as is indicated throughout the record. Mr. Simpson's argument therefore has no basis in fact.

*Allegation #5: Failure to Adequately Research the Law and Prepare for Legal Arguments*

Mr. Simpson's argument fails because he does not cite any legal authority that his counsel failed to cite. More importantly, Mr. Simpson fails to provide any basis, legal or otherwise, that the outcome in his case would have been different had additional legal authority been cited. This allegation must be rejected also a frivolous.

5

*Allegation #6: Failure to Object to Prosecutorial Misconduct in Closing Arguments*

As noted by Respondent, "[p]etitioner fails to specify what he alleges to be misconduct and fails to cite to the record to allow for any meaningful response." (Dkt. No. 18.) Absent a clear reference to what Mr. Simpson claims has being misconduct, the argument must be rejected as frivolous.

*Allegation #7(a): Failure to Argue that Petitioner Does not Have Qualifying Prior Convictions to Trigger Increased Mandatory Minimum Sentencing*

The United States responds that "[t]he Petitioner stipulated to his two prior qualifying felony drug convictions prior to sentencing after the government produced certified records to defense counsel." (Dkt. No. 18.) The docket reflects that Mr. Simpson's counsel did not object to the enhancement in the presentence report (*see* 2:08-cr-554, Dkt No. 71) and did not object at the sentencing hearing, even though it was clear that Mr. Simpson was being sentenced as a career offender. (2:08-cr-554, Dkt No. 97, at 5.) Thus, the issue was fully explored by defense counsel at trial and, more importantly, Mr. Simpson fails to come forward with an evidence to support that there was any error in that determination.

*Allegation #7(b): Failure to Argue that The Government Did Not Establish the Type of Methamphetamine*

This argument also must be rejected. The statute of conviction, 21 U.S.C. § 841(a)(1), does not differentiate between different types of methamphetamine. "Methamphetamine, its salts, isomers, and salts of its isomers" are all made illegal to possess with intent to distribute, and are all penalized equally.

*Allegation #7(c): Failure to Argue that 21 U.S.C. § 841(a)(1) Uses Grams and Kilograms Instead of Ounces and Pounds*

The court rejects this argument. Mr. Simpson fails to cite to any authority that this distinction violates the Due Process Clause or any other law.

*Allegation #8: Failure to Cite Supporting Judicial Decisions*

The court also rejects this argument. Petitioner only cited tangentially relevant cases that would not have altered the outcome of his motion to suppress evidence.

*Allegation #9: Failure to Argue That There was Insufficient Evidence of Petitioner's Intent to Distribute to Survive a Rule 29 Motion to Acquit or Dismiss*

Evidence was presented at trial establishing that Petitioner possessed in excess of 500 grams of methamphetamine and 40 grams of heroin. The United States presented an expert from the DEA who testified that Mr. Simpson possessed enough dosage units to last a single person many years. The jury was instructed that quantity is one factor that jurors can consider in determining whether there was intent to distribute. Defense counsel argued that the methamphetamine in Petitioner's possession was for personal use. But the court found that there was sufficient evidence to submit the matter to the jury, and the jury found intent to distribute beyond a reasonable doubt. Mr. Simpson presents no evidence that Defense counsel failed to make any reasonable argument that would have changed the outcome of the trial. This argument must therefore be rejected.

*Allegation #10: Failure to Argue that Trooper Bowles Lacked Probable Cause to Execute a Traffic Stop of Mr. Simpson's Vehicle*

Trooper Bowles testified that Mr. Simpson violated the traffic laws by not signaling for two seconds before changing lanes. It is undisputed that Utah traffic laws have such a requirement. Trooper Bowles was cross examined on this issue and the testimony fully supported his basis for the stop. Mr. Simpson seems to challenge the stop, not on the ground that the evidence did not support that he committed a traffic violation, but rather that Trooper Bowles' assessment of whether he waited two seconds before making the lane change was so "subjective" that it cannot serve as a reasonable basis for the stop. Mr. Simpson offers no legal authority to support his novel argument. Moreover, Trooper Bowles testified that Mr. Simpson changed lanes immediately upon his turn signal flashing, leaving no basis to argue that he had waited two seconds before changing lanes.

(2:08-cr-554, Dkt. No., at 24-29, 63-65.) Trooper Bowls further testified that he observed other behavior by Mr. Simpson that he considered unusual and caught his attention. But this unusual behavior was not the basis for the stop. The traffic violation was the basis for the stop, which is a well recognized reason. Mr. Simpson offers no reason to conclude that any further evidence would support a legitimate challenge to the stop.

## B. SECOND CLAIM: INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

This claim rests on the same issues, with the same results. Mr. Simpson offers no arguments that should have been made on appeal, but were not. Mr. Simpson is not entitled to relief on this claim.

## C. THIRD CLAIM: LACK OF JURISDICTION

Mr. Simpson provides no support for his argument that the district court's jurisdiction depends on the legality of an officer's actions that brought about federal criminal charges. The jurisdiction of the court in the underlying case is well established.

## D. FOURTH CLAIM: ILLEGAL IMPOSITION OF SENTENCE

Mr. Simpson's claim is based on the false premise that his life sentence was imposed for simple possession of heroin. The sentence was based on his conviction for possession of methamphetamine with intent to distribute and his qualifying as a career offender because of his prior felony conviction.

## CONCLUSION

For the reasons stated, Mr. Simpson fails to sustain any argument that would support granting him an evidentiary hearing. Moreover, he fails to present any arguments that would grant him substantive relief. The motion for an evidentiary hearing is DENIED and the petition for relieve under 28 U.S.C. § 2255 is DISMISSED with prejudice.

SO ORDERED this 31st day of July, 2015.

                                               BY THE COURT:

                                               _____
                                               Clark Waddoups
                                               United States District Judge